NicholsoN, C. J.,
delivered tbe opinion of the Court.
This is an action of ejectment, in which the defendant in error ' relies for title on a sheriff’s deed, and the plaintiff in error upon an outstanding title by a deed of trust.
The sheriff’s deed recites, that, on the 24th of April, 1858, M. T. Coates recovered a judgment against Ephraim Edwards and Robert Edwards for one hundred and fifty-twh dollars, before a Justice of the Peace, and that execution issued thereon, and was levied on the land in controversy, on the 30th of April, 1858; and that in obedience to the venditioni exponas, the sheriff sold the land on the 7th of August, 1858, when the same was struck off to W. T. Pettus for six hundred and fifty-seven dollars, who paid the cash in hand; and that a certificate was executed to the purchaser, who assigned the same to Pitzer Miller; to whom a deed was executed by a successor of said sheriff, on the 20th of February, 1861; which deed was duly registered on the 21st of February, 1861.
The plaintiff in error relied on a deed of trust, executed by Robert Edwards on the 7th of April, 1858, by which the land in controversy was conveyed *316 to ¥m. Roberson, wbieb deed was registered on the same day.
The title of the defendant in error, under the sheriff’s deed, related back to the date of the levy on the land, which was the 30th of April, 1858, whereas the legal title to the land was divested out of the defendant in the execution, so levied on it by' the deed of trust, and vested in ¥m. Roberson on the 7th of April, 1858. TJnder these facts, the defendant in error would necessarily fail in his suit. And to avoid this consequence, he introduced the records of eight judgments rendered in the Circuit Court of Madison county at the September Term, 1857, on which executions issued, and were levied on the land in controversy, on the 7th of June, 1858. From the returns on said executions, it appears that the land was sold under all of these executions, and under the venditioni exponas before referred to, at the same time, and for the satisfaction of ■all thereof; and that the land so sold was bid off by W. T. Pettus at the sum of six hundred and fifty-seven dollars, and that the sheriff executed to him a certificate, which recites, that by virtue of sundry orders of sales and executions directed to him from the Circuit Court, at its May Term, 1858, he sold said land on the 7th of August, 1858, when the said "W. T. Pettus was the purchaser.
The circuit judge charged the jury, that if orders of sale were made at May Term, 1858, founded upon magistrate’s levies made prior to 7th April, 1858, and the land was sold conjointly by *317 the sheriff on the 7th of August under these orders, and the aforesaid court executions, then the sheriff’s deed to the purchaser would connect itself with the certificate of sale and with the executions, and the mere fact that the deed recited one order of sale would not estop the plaintiff from showing that the sale was made by virtue of the executions and other orders of sale.”
It is clear that as the land was sold within a year after the court judgments were rendered, the title of the purchaser would so relate hack to the date of the judgments as to overreach and defeat the title conveyed to Roberson by the deed of trust— but the purchaser at the sheriff’s sale, got none hut an equitable title by virtue of his hid and the certificate of purchase. These could not avail him in an action of ejectment. But the Circuit Judge was of opinion, and so charged, that although the sheriff’s deed purported to be based on one ven-ditioni exponas, which issued to carry out a levy made subsequent to the date of the deed of trust, yet that the plaintiff might show by proof that the sale was made under that one venditioni exponas, conjointly with others, and with executions issuing upon judgments rendered prior to the date of the deed of trust, and that by such proof the plaintiff’s title would relate hack to the date of the judgments, and thus overreach the deed of trust. ¥e are unable to concur in this view of the law. It would be a correct application of the principle in an equity case. Upon the facts disclosed in the *318 record we can readily see that the plaintiff acquired an equitable title by his purchase superior to the title of the vendee in the deed of trust, but we know no principle of law by which he can avail himself of his equitable title in this suit. He brings his action of ejectment, and produces the sheriff’s deed as the evidence of his legal title. That deed shows on its face that Ms legal title commenced on the 30th of April, 1858. That title, according to the recitals in his deed, rests alone upon his purchase of the land under an order of sale based on a levy made on the 30th of April, 1858. "We are aware of no principle of law which will enable him to add to his deed by showing that the 30th of April, 1858, is not the true commencement of his legal title as stated in his deed, but that by virtue of a conjoint sale of the land under executions, which reached back to September, 1867, that becomes the true beginning of his legal title. So to hold, would require us to determine, either that he obtained the legal title by his purchase, without a sheriff’s deed, or that by proof his deed can be made to operate retro-actively so as to give effect to his equitable title. "We hold that the plaintiff could only recover upon his legal title, as that was developed on the face of his deed, and this could not be connected by proof with other orders of sale or executions not referred to in the deed, in such way as to' make it in effect a new or different deed.
The judgment will be reversed, and the cause remanded for a new trial.